```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
CARLO DONATO,

               Petitioner,

   -against-                       MEMORANDUM & ORDER
                                    14-CV-7393(JS)

UNITED STATES OF AMERICA,

               Respondent.
```
----------------------------------X
```
APPEARANCES
For Plaintiff:       Carlo Donato, pro se
                     4257-053
                     Allenwood U.S. Penitentiary
                     P.O. Box 3000
                     White Deer, PA 17887

For Defendant:      No appearance

SEYBERT, District Judge:

        Pro se petitioner Carlo Donato ("Petitioner" or "Donato"), currently incarcerated at the Allenwood U.S. Penitentiary, has filed his third Petition for a Writ of Habeas Corpus in this Court.[1] Given that the present Petition is an unauthorized successive habeas petition, the Court sua sponte determines that it lacks jurisdiction to adjudicate it. Accordingly, in the interests of justice, the Clerk of the Court is

---

[1] Donato v. U.S., No. 98-CV-2452 (E.D.N.Y. Mar. 28, 1998) (Section 2255 Petition dismissed by Order dated July 8, 1998, Mishler, D.J.), affirmed in part and remanded in part by, Donato v. U.S., 208 F.3d 202 (2d Cir. 2000); Donato v. U.S., No. 06-CV-5287 (E.D.N.Y. Sept. 27, 2006) (Section 2255 Petition, converted from Section 2241, dismissed by Order dated May 7, 2014, Seybert, D.J.), appeal dismissed by Mandate, dated Jan. 14, 2015, because Petitioner/Appellant had not made a "substantial showing of the denial of a constitutional right." (See Jan. 14, 2015 Mandate, No. 06-CV-5287, Docket Entry 29.)

directed to transfer the Petition to the United States Court of Appeals for the Second Circuit.

BACKGROUND

Petitioner was arrested on February 15, 1995, pursuant to a warrant, after a year-long joint investigation by the FBI, New York Police Department, and Nassau County Police Department. (May 7, 2014 Mem. & Order, No. 06-CV-5287 ("May 2014 Order"), Docket Entry 26 at 1-2.) This investigation regarded a series of armed carjackings that had occurred in Nassau County during 1993 and 1994. (May 2014 Order at 1-2) (internal quotation marks and citation omitted.) At Petitioner's trial, the government presented, inter alia, twenty-two witnesses including the seven victims of the carjackings, three eyewitnesses, an informant, several law enforcement officials, and automobile executives. (May 2014 Order at 2) (internal quotation marks and citation omitted.)

On May 29, 1996, at the conclusion of a jury trial, Petitioner was found guilty of: (1) one count of Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371; (2) six counts of Carjacking, in violation of 18 U.S.C. § 2119; and (3) six counts of Use of a Firearm during the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c). (May 2014 Order at 2.) Petitioner was sentenced to 119 years incarceration and three years of supervised release, fined in the amount of $175,000, and ordered

to pay restitution in the amount of $295,807.25. (May 2014 Order at 2.) Petitioner appealed the conviction to the Second Circuit Court of Appeals, which, on April 23, 1997, affirmed the judgment. See United States v. Donato, 112 F.3d 506 (2d Cir. 1997).

On March 28, 1998, Petitioner filed a Petition for a Writ of Habeas Corpus (the "1998 Petition") pursuant to 28 U.S.C. § 2255, arguing, among other things, that he was denied effective assistance of counsel. See Donato v. U.S., No. 98-CV-2452(JM). The 1998 Petition was denied and Petitioner appealed. (See July 8, 1998 Order, No. 98-CV-2452, Docket Entry 10; No. 98-CV-2452, Notice of Appeal, Docket Entry 13.) On appeal, the Second Circuit affirmed the denial of Petitioner's Section 2255 petition in part and remanded it in part. Donato v. U.S., 208 F.3d 202 (2d Cir. 2000). Specifically, Petitioner's ineffective assistance of counsel claims were denied and the Second Circuit remanded the case to the District Court for re-sentencing based on a possible sentence calculation error. Donato, 208 F.3d at 203. After Petitioner's sentence was recalculated, the Court re-sentenced Petitioner to 115 years incarceration, the rest of his sentence remained unchanged. (See Calendar Entry, No. 95-CR-0223, Docket Entry 105; Am. J., No. 95-CR-0223, Docket Entry 106.) Petitioner again appealed. The Second Circuit affirmed the District Court's judgment, but remanded the case solely for the purpose of either amending the fine to fit within the Sentencing Guidelines range or

3

imposing a fine above the Guidelines range with an explanation for the departure. See United States v. Quintieri, 306 F.3d 1217 (2d Cir. 2002). On July 6, 2005, the District Court vacated the fine originally imposed and denied Petitioner's application to re-open his entire sentence. (See Calendar Entry, No. 95-CR-0223, Docket Entry 125.) Petitioner appealed the judgment, which the Second Circuit affirmed. (See Mandate, No. 95-CR-0223, Docket Entry 132.)

On September 27, 2006, Petitioner filed another Petition for a writ of habeas corpus. There, Petitioner asserted the following grounds: (1) Petitioner was denied his due process rights and his right to effective assistance of counsel because he was not provided with an interpreter; (2) Petitioner was denied his due process and effective assistance of counsel rights when he was re-sentenced while overly-medicated at his December 1, 2000 re-sentencing; and (3) the evidence was legally insufficient to convict him. (See May 2014 Order at 3-4.) On February 11, 2010, the Court denied Petitioner's "overly-medicated" claim and transferred his remaining claims to the Second Circuit finding that they constituted a second or successive habeas petition. (See Feb. 11, 2010 Mem. & Order, No. 06-CV-5287, Docket Entry 17.)

On March 3, 2010, the Second Circuit issued a Mandate denying the Petition insofar as it sought to challenge Petitioner's conviction and aspects of his sentence that were not amended by the re-sentencing. (See March 3, 2010 Mandate, 06-CV-5287 ("Mar. 2010

4

Mandate"), Docket Entry 18.) The Mar. 2010 Mandate further instructed Petitioner to seek leave from the District Court to amend his then-pending 2255 Petition to include a claim alleging that the denial of an interpreter during the proceedings held after his first 2255 Petition was granted was unconstitutional. (See Mar. 2010 Mandate.) On October 1, 2013, the Second Circuit issued another Mandate in response to Petitioner's request for an order authorizing the District Court to consider a successive 2255 motion. (See Oct. 1, 2013 Mandate, 06-CV-5287 ("Oct. 2013 Mandate"), Docket Entry 23.) The Second Circuit denied this request, finding that it was unnecessary because "later decisions of the Supreme Court and this Court make clear that none of Petitioner's claims in his § 2241 petition were successive." (See Oct. 2013 Mandate.) Accordingly, Petitioner's 2255 motion was remanded to this Court. (See Oct. 2013 Mandate.)

On November 22, 2013, Petitioner filed a motion to amend to add a claim of actual innocence and the Court granted that motion. (See March 10, 2014 Mem. & Order, No. 06-CV-5287, Docket Entry 24.) On May 7, 2014, Petitioner's application for a writ of habeas corpus pursuant to 2255 was denied in its entirety.[2] (See May 2014 Order.) Petitioner appealed and his appeal was denied on

---

[2] The Petition raised the following grounds for relief: (1)Denial of due process and effective assistance of counsel because Petitioner was not provided an interpreter; (2) Actual Innocence; (3) Trial evidence was legally insufficient to convict Petitioner; and (4) Ineffective assistance of counsel.

5

January 14, 2015.  (See Jan. 14, 2015 Mandate, No. 06-CV-5287, Docket Entry 29.)  On December 11, 2014, Petitioner filed the instant application for a writ of habeas corpus pursuant § 2241, again alleging an actual innocence claim.

DISCUSSION

As a threshold matter, the proper avenue for challenging the constitutionality of the imposition of a federal conviction or sentence is by motion pursuant to § 2255.  District courts lack jurisdiction to consider second or successive § 2255 motions unless the movant has obtained authorization from the appropriate court of appeals.  Carmona v. U.S., 390 F.3d 200, 201-02 (2d Cir. 2004).  Although a petition pursuant to § 2241 is the proper means to challenge the execution of a federally-imposed sentence, Adams v. U.S., 372 F.3d 132, 134-35 (2d Cir. 2004), a federal prisoner may also challenge the validity of his conviction under § 2241 if he establishes that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003).  However,

> when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . , the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to this court for certification . . . .

Adams, 372 F.3d at 136.  Upon careful review of the instant

6

Petition together with the underlying procedural history of this case, it is apparent that the Petition is an unauthorized successive habeas motion over which this Court lacks jurisdiction. see Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications."). Therefore, Petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive Petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of the Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52 (citing Liriano v. U.S., 95 F.3d 119, 121-23 (2d Cir. 1996) (per curiam)). **THIS ORDER CLOSES THIS CASE.** If the Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen under this docket number, 14-CV-7393(JS).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, the Clerk of the Court is ORDERED to transfer this Petition to the United State Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 and to mark this matter CLOSED.  If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to re-open this case under this docket number, 14-CV-7393(JS).


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August   5  , 2015
         Central Islip, New York